**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN JUARWEL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| DIJ CORP. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, John Juarwel, by his attorneys, Arena Law Office, LLC, complaining of the Defendant, DIS Corp., stating as follows:

## STATEMENT OF FACTS

1. The Plaintiff is an individual residing in Harrisburg, Pennsylvania.

2. The Plaintiff is licensed as a commercial truck driver.

3. The Defendant is an Illinois corporation with its principal place of business in Romeoville, Will County, Illinois.

4. The Defendant is in the business of providing commercial over the road transportation and warehousing services.

5. The Plaintiff contracted with the Defendant as an independent contractor to provide commercial truck driving services from October 2021 to January 24, 2022. (A copy of the contract is in Defendant's exclusive possession as Defendant did not provide a copy to Plaintiff).

6. During the contract period with the Defendant, the Plaintiff's average compensation was $5,000.00 per week.

7. As a condition of the contract with the Defendant, the Plaintiff was required to submit to a drug test on September 24, 2021. Defendant provided Plaintiff with a written "Test Notification" in conjunction with the drug test, and the test results were negative.

8. On December 7, 2021, Defendant provided the Plaintiff with a second "Test Notification" requiring the Plaintiff to submit to a drug test. Again, the test results were negative.

9. On January 18, 2022, Plaintiff receive a text message from the Defendant stating that he needed to submit to a third drug test. However, the Defendant did not provide the Plaintiff with a "Test Notification."

10. On January 18, 2022, Plaintiff responded to the Defendant's text message requesting the location for the drug test.

11. On January 18, 2022, Defendant responded via text that the Plaintiff could have the test taken at Defendant's place of business at 1300 Lakeview Dr., Romeoville, Illinois.

12. On January 18, 2022, Plaintiff was in Seattle, Washington as part of his employment with the Defendant.

13. On January 18, 2022, Plaintiff responded to the Defendant's text message stating that it would take him 3 days to arrive at the Defendants place of business in Romeoville, Illinois and that he would arrive on Monday, January 24, 2022.

14. On January 18, 2022, Defendant responded via text stating "Ok sounds good, we can just do it when you're here then. Thank you".

15. On January 24, 2022, Plaintiff arrived in Romeoville, Illinois. At that time, he was confronted by Defendant's employees and/or agents, and was told to return DIJ Corp. information and equipment and terminated his contract.

16. Defendant did not give Plaintiff an opportunity to submit to a drug test on January 24, 2022, or anytime thereafter.

17. Subsequent to January 24, 2022, Defendant published a document titled "Xchange Report #34397356. (hereinafter referenced as "Xchange Report.") to prospective employers of the Plaintiff in the commercial transportation industry.

18. Plaintiff became aware of the Xchange report on May 19, 2022, when a prospective employer, MBG Logistics, email a copy of the Xchange report to the Plaintiff as a basis for denying Plaintiff employment. (A copy of the Xchange Report is attached hereto as "Exhibit A").

19. The Xchange Report stated the reason for Plaintiff's termination was "The driver refused drug test when he was home in New York. This individual had an inappropriate verbal altercation with the safety manager."

20. The Xchange Report contained false information in that Plaintiff at no point refused to submit to a drug test, the Plaintiff resides in Pennsylvania and at the time Plaintiff was requested to submit to the drug test by Defendant, Plaintiff was in Seattle Washington providing transportation services on behalf of the Defendant.

21. Defendant published the Xchange report to Plaintiff's prospective employers knowing that the Xchange Report contained false information.

22. As a result of Defendant publishing the Xchange report to Plaintiff's prospective employers, Plaintiff has been unable to gain employment as a commercial truck drive from January 24, 2022 through December 31, 2022.

## STATEMENT OF JURISDICTION

23. Diversity Jurisdiction exists in this matter pursuant to 28 USC § 1332 because the amount in controversy is in excess of $75,000, and the Plaintiff and Defendant reside in different states.

## COUNT I
## DEFAMATION PER SE

24. Plaintiff incorporates herein by reference paragraphs 1 through 23 of this complaint as paragraph 24 of this Count I as if fully set forth herein.

25. The false statements published by the Defendant in the Xchange Report impute Plaintiff's inability to perform or want of integrity in the discharge of duties of office or employment, and prejudice Plaintiff, or impute lack of ability, in his or her trade, profession or business.

26. As a result of Defendant publishing the false statements in the Xchange Report to Plaintiff's prospective employers, Plaintiff has been damaged in his reputation and has been unable to gain employment as a commercial truck driver from January 24, 2022 to December 31, 2022.

**WHEREFORE**, the Plaintiff, John Juarwel, requests this Court enter judgment in his favor and against the Defendant in an amount to be proven at Trial, plus award him his costs incurred in bringing this action and any further relief this Court deems just.

## COUNT II
## DEFAMATION PER QUOD

**(Plead as an Alternative to Count I)**

24. Plaintiff incorporates herein by reference paragraphs 1 through 23 of this complaint as paragraph 24 of this Count II as if fully set forth herein.

25. As a result of Defendant publishing the false statements in the Xchange Report to Plaintiff's prospective employers, Plaintiff has been damaged in his reputation and has been unable to gain employment as a commercial truck driver since January 24, 2022.

26. As a result of Defendant publishing the false statements in the Xchange Report to Plaintiff's prospective employers, Plaintiff has suffered pecuniary losses in the amount of $5,000.00 per week since January 24, 2022.

27. As of January 21, 2023, Plaintiff has suffered pecuniary losses in the amount of $242,500.00.

**WHEREFORE**, the Plaintiff, John Juarwel, requests this Court enter judgment in his favor and against the Defendant in an amount to be proven at Trial, plus award him his costs incurred in bringing this action and any further relief this Court deems just.

## COUNT III
## BREACH OF CONTRACT

28. Plaintiff incorporates herein by reference paragraphs 1 through 5 and 23 of this complaint as paragraph 28 of this Count III as if fully set forth herein.

29. During this time period, Plaintiff leased a truck and trailer from the Defendant, and provided the Defendant with a $1,500.00 deposit for use of this equipment.

30. Pursuant to the terms of the contract, Defendant was obligated to return to the Plaintiff the $1,500.00 deposit Plaintiff provided to the Defendant upon termination of the contract and the return of Defendant's information and equipment.

31. On January 24, 2022, Defendant terminated the contract with the Plaintiff and Plaintiff returned Defendant's information and equipment to Defendant.

32. Plaintiff has requested the Defendant to return the $1,500.00 deposit.

33. Defendant has failed to return the $1,500.00 deposit to the Plaintiff.

**WHEREFORE**, the Plaintiff, John Juarwel, requests this Court enter judgment in his favor and against the Defendant in the amount of $1,500.00, plus award him his costs incurred in bringing this action and any further relief this Court deems just.

Respectfully Submitted,

/s/ David T. Arena
Counsel for the Plaintiff

David T. Arena
Arena Law Office, LLC
444 N. Northwest Hwy., Ste. 300
Park Ridge, IL 60068
847-418-7162
darena@arenalawoffice.com
ARDC # 6236636

# EXHIBIT A

Xchange Report #34397356

Request Status: **Submitted**

Request / Response Report     **Response Tracking ID:** (None)     **Request #:** 34397356

| DIJ Corp | |
|---|---|
| Provided By: | Joe Holtz |
| Title: | (N/A) |
| Address: | 1300 Lakeview Drive |
| City / State / Zip: | Romeoville, IL 60446 |
| Email: | accounting@dijcorp.com |
| Phone: | 708-888-9811 |
| Fax: | |
| Items Requested: | EMP DA ACC |

Provided Subject Information

| John Juarwel<br>SSN: **xxx-xx-8490**<br>DOB: **05-14-1976** | Date Range Provided: **10-2021** to **01-2022** |
|---|---|

Original Request Information               Provided Information

| Position Held | Leaser |
|---|---|
| Reason For Leaving | I went to vacation |
| Driver Class | |
| Driver Type | |
| Was the driver Terminated? | |
| Was the driver subject to FMCSRs while employed? | Yes |
| Was the driver's job designated as a safety sensitive function in DOT regulated mode subject to Drug and Alcohol testing per 49 CFR Part 40? | |
| Areas Driven | |
| Equipment Driven | |
| Trailer Driven | |
| Loads Hauled | |

| Position Held | OTR Driver |
|---|---|
| Reason For Leaving | TERMINATED |
| Driver Class | Company |
| Driver Type | Solo |
| Was the driver Terminated? | Yes |
| Termination Reason:<br>The driver refused a scheduled drug test when he was home in New York. This individual had an inappropriate verbal altercation with the safety manager. | |
| Eligible for Rehire? | Review |
| Was the driver subject to FMCSRs while employed? | Yes |
| Was the driver's job designated as a safety sensitive function in DOT regulated mode subject to Drug and Alcohol testing per 49 CFR Part 40? | Yes |
| Full Time / Part Time | Full Time |
| Areas Driven | OTR |

1

Xchange Report #34397356

| | |
|---|---|
| Equipment Driven | Tractor-Trailer |
| Trailer Driven | Van |
| Loads Hauled | 200 |
| Miles per week | 3000 |
| Number of States Driven | 48 |
| Trailer Length | 53 |

Drug and Alcohol Information

| | |
|---|---|
| Did the employee have alcohol tests with a result of 0.04 or higher? | No |
| Did the employee have verified positive drug tests? | No |
| Did the employee refuse to be tested? | No |
| Did the employee have other violations of DOT agency drug and alcohol testing regulations? | No |
| Did a previous employer report a drug and alcohol rule violation to you? | No |
| If you answered "yes" to any of the above items, did the employee complete the return-to-duty process? | |
| Comments | |

Accidents

| |
|---|
| No Accidents |

Activity Log

| |
|---|
| 04-13-2022 11:41 AM - Joe Holtz (DIJ)<br><br>  Request was set "Submitted", authorized, and automatically fulfilled. |
| 04-13-2022 10:52 AM - Ilija (Leo) Karanovic<br><br>  Request sent under order #15242182 via **Network** method. |

Tenstreet, 120 W. 3rd Street Tulsa, OK 74103.

Drivers: for questions about this report, contact the Tenstreet Consumer Service Department at 877-219-9283, Option 1, then 1 or email: drivers@tenstreet.com

2