**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN JAURWEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-cv-443 |
| v. ) | |
| ) | Hon. Jeffrey T. Gilbert |
| DIJ CORP., an Illinois corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT**

Plaintiff John Jaurwel ("Jaurwel"), pursuant to Federal Rule of Civil Procedure 55(b)(2), hereby moves for default judgment against Defendant DIJ Corp. ("DIJ") in the amount of $305,171.11, said sum representing the damages Jaurwel has suffered as a result of the wrongful actions of DIJ as alleged in Jaurwel's Amended Complaint. In support of his Motion, Jaurwel states as follows:

1. Jaurwel filed his Amended Complaint in this matter on February 6, 2023 alleging defamation and breach of contract against DIJ. (*See* ECF No. 4.) In his Amended Complaint, Jaurwel alleged he suffered approximately $5,000 per week in pecuniary losses as a result of DIJ's defamation and a separate $1500 as a result of DIJ's breach of contract. On February 7, 2023, Jaurwel sent a Waiver of Service of Summons, which DIJ executed. (*See* ECF No. 9, at ¶ 2.) Counsel for DIJ, Saulius Modestas ("Modestas"), filed his appearance in this case on April 6, 2023. (*See* ECF No. 6.) DIJ filed its Answer to the Amended Complaint on June 9, 2023. (*See* ECF No. 12.)

2. On October 1, 2024, Modestas filed his Motion for Leave to Withdraw Appearance as Counsel for Defendant DIJ Corp. (*See* ECF No. 46.) According to Modestas, he sought leave to

withdraw as DIJ's counsel because DIJ "requested MODESTAS stop working on the file immediately" and had "terminated the representation." (ECF No. 46 (capitalization in original).) On October 23, 2024, Modestas filed an amended motion to withdraw as DIJ's counsel. (*See* EFC No. 50.) The Court granted Modestas' amended motion to withdraw on December 11, 2024. (*See* ECF No. 57.)

3. Pursuant to the Court's December 11, 2024 Order, DIJ was required to have new counsel appear in this matter within 30 days, "as a corporation cannot represent itself in federal court proceedings and must appear by counsel." (ECF No. 57.)

4. Modestas has represented he served DIJ with a notice of service and copy of the Court's December 11, 2024 Order via First Class U.S. Mail and email on January 9, 2025. (*See* ECF Nos. 60–61.) DIJ subsequently failed to appear at both the January 15, 2025 and February 5, 2025 status hearings in this case. (*See* ECF Nos. 62–63.)

5. On April 15, 2025, Jaurwel filed a Request for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) based on DIJ's failure to defend this lawsuit and appear via new counsel as required by the Court's December 11, 2024 Order. (ECF No. 66.) The Court granted Jaurwel's request and entered a default against DIJ on April 16, 2025. (*See* ECF No. 67.)

6. As no new counsel has appeared to represent DIJ to date and DIJ has not taken any other action to set aside the April 16, 2025 default or otherwise defend this lawsuit, the entry of default judgment against DIJ is warranted. *See* Fed. R. Civ. P. 55(a), (b)(2); *United States v. Hagerman* (*Hagerman I*), 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court."); *United States v. Hagerman* (*Hagerman II*), 549 F.3d 536, 538 (7th Cir. 2008) ("The usual course when a litigant not entitled to litigate pro se loses its lawyer in the midst of the case is to give it a

reasonable opportunity to find a new one, and, if it fails, either to dismiss the case, or enter a default judgment." (citations omitted)).

7. The Amended Declaration of John Jaurwel, establishing damages in the amount of $305,171.11, said sum constituting the difference between the compensation he would have earned as a commercial truck driver from January 24, 2022 to November 30, 2023 and the compensation he earned as an Uber driver from April 2022 to November 2023, plus the $1,500 deposit DIJ was obligated to return to him upon its termination of the parties' employment contract, is attached hereto as **Exhibit A**.

8. The Declaration of Bryan Riddle, the EVP of Operations at Tenstreet LLC, setting forth, among other things, the dates on which Tenstreet LLC received DIJ's false Xchange report and on which it was removed from the Xchange network, is attached hereto as **Exhibit B**.

9. Jaurwel also incorporates by reference his Amended Memorandum of Law in Support of Plaintiff's Motion for Default Judgment, filed contemporaneously with this Motion.

WHEREFORE, Plaintiff John Jaurwel respectfully requests that this Court enter default judgment against Defendant DIJ Corp. in the amount of $305,171.11 on all counts of Plaintiff's Amended Complaint, issue a permanent injunction against DIJ preventing it from sharing or making any additional publications of the specific Xchange report at issue here, or, in the alternative, of the demonstrably false statement that Jaurwel refused to submit to a drug test per DIJ's request at any time, and award such other and further relief as the Court deems proper and just.

- 4 -

|  |  |
|---|---|
| Dated: August 13, 2025 | Respectfully submitted,<br><br>**PLAINTIFF JOHN JAURWEL**<br><br>*/s/ Michael A. Parks*<br>Michael A. Parks (IL 6217230)<br>Derek V. Froman (IL 6349155)<br>Thompson Coburn LLP<br>55 East Monroe Street, 37th Floor<br>Chicago, IL 60603<br>(312) 346-7500<br>Fax: (312) 580-2201<br>mparks@thompsoncoburn.com<br>dfroman@thompsoncoburn.com<br>*Appointed Counsel for Plaintiff John Jaurwel* |